# STATE OF MICHIGAN

# COURT OF APPEALS

NORTHERN MICHIGAN ENVIRONMENTAL
ACTION COUNCIL and PRISCILLA
TOWNSEND,

UNPUBLISHED
October 24, 2017

Appellees,

v

No. 332590
Grand Traverse Circuit Court
LC No. 2015-031341-AA

CITY OF TRAVERSE CITY,

Other Party,

and

PINE STREET DEVELOPMENT ONE, LLC,

Intervening Appellant.

Before: SAWYER, P.J., and MURRAY and GLEICHER, JJ.

SAWYER, P.J. (*concurring in part and dissenting in part*).

I agree with the majority's decision, except for the conclusion regarding NMEAC's standing.

First, I would acknowledge that it is somewhat irrelevant to determine whether NMEAC has standing inasmuch as we all agree that Townsend does have standing and, therefore, all of the substantive issues are addressed through her claims. Nonetheless, I write separately because I believe that NMEAC has had an adequate opportunity to establish standing and has failed to do so.

Turning to this issue, I see no basis to find that NMEAC has standing to bring this suit. "A nonprofit corporation has standing to advocate interests of its members where the members themselves have a sufficient stake or have sufficiently adverse and real interests in the matter being litigated." *Trout Unlimited, Muskegon White River Chapter v City of White Cloud*, 195 Mich App 343, 348; 489 NW2d 188 (1992). But the litigant must have a special injury or right that will affected in a way different from the public at large. *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 372; 792 NW2d 686 (2010). NMEAC asserts that it has three bases for standing: environmental concerns, changing the character of the area, and tax concerns. But

-1-

these are all interests that are presumably shared by the public. Thus, they are not interests capable of conferring standing on the NMEAC members because the interests are not "detrimentally affected in a manner different from the citizenry at large . . . ." *Lansing Sch Ed Ass'n*, 487 Mich at 372. Thus, because the unidentified NMEAC members have not shown that they have standing, NMEAC also lacks standing. *Trout Unlimited*, 195 Mich App at 348.

Moreover, even if we were to consider the disputed affidavit of William Scharf, a member of the NMEAC board, we reach the same conclusion. NMEAC contends that it establishes standing for NMEAC because the development will affect bird populations. Scharf avers that he is a professor of biology and studies bird populations, and that the SLUP allowing a nine-story building will endanger birds because they "fail to perceive glass as a barrier" and will suffer injury or death from collisions with the building. While Scharf's professional study of birds distinguishes him from the citizenry at large, it is unclear how the potential effect of the development on birds will personally inflict a special injury on him or affect a substantial interest he has. Indeed, Scharf did not aver that he personally studied birds on or near the proposed development site, or that the development would adversely affect any specific study or activity he carries out in connection with his study of bird populations. Thus, he failed to allege facts conferring standing because he failed to demonstrate a special injury or substantial right detrimentally affected by the SLUP. That is, his affidavit serves more as an expert opinion of the effect of the project on birds than it does to establish his own special injury arising from the project. While this might suggest that the birds have standing, it does not establish Professor Scharf's standing. Because Scharf lacks standing, the NMEAC also lacks standing because as a non-profit organization it has standing only to the extent that its members do. *Trout Unlimited*, 195 Mich App at 348.

Accordingly, I would conclude that NMEAC has failed to establish standing.

/s/ David H. Sawyer

-2-